UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRIAM MENDEZ, CAROLINA LIZBETH GAVILANES CORTAZA, MARCO CRUZ, NOE ALFREDO FRANCISCO AVILA, and JORGE LOPEZ GALINDO (a/k/a Nico Gonzalez), *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>-against-<br><br>K & Y PEACE CORP. (d/b/a BLACKSMITH CAFÉ), SUN MI CHI, and KYUNG H. SONG,<br><br>Defendants. | Index No.: 16-cv-5562-JMF<br><br>**ANSWER TO SECOND AMENDED COMPLAINT AND CROSS-CLAIMS, AFFIRMATIVE DEFENSES, CROSS-CLAIMS, AND THIRD-PARTY COMPLAINT**<br><br>**ECF CASE** |
| KYUNG H. SONG,<br><br>Cross-Claimant,<br><br>-against-<br><br>K & Y PEACE CORP. (d/b/a BLACKSMITH CAFÉ) and SUN MI CHI,<br><br>Cross-Defendants. | |
| KYUNG H. SONG,<br><br>Third-Party Plaintiff,<br><br>-against-<br><br>KWAN CHI and NY ORANGE MARKET INC.,<br><br>Third-Party Defendants. | |

Defendant, KYUNG H. SONG (hereinafter, "Song") by her attorneys, Kim, Cho & Lim LLC,

hereby submit their answer to the second amended complaint and cross-complaint as follows:

**I.**    **ANSWER TO SECOND AMENDED COMPLAINT**

**NATURE OF THE ACTION**

1.    Denies the allegations contained in paragraph 1 of the second amended complaint.

2.    Denies the allegations contained in paragraph 2 of the second amended complaint.

3.    Denies the allegations contained in paragraph 3 of the second amended complaint.

4.    Denies the allegations contained in paragraph 4 of the second amended complaint.

5.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 5 of the second amended complaint.

6.    Denies the allegations contained in paragraph 6 of the second amended complaint.

7.    Denies the allegations contained in paragraph 7 of the second amended complaint.

8.    Denies the allegations contained in paragraph 8 of the second amended complaint.

9.    Denies the allegations contained in paragraph 9 of the second amended complaint.

10.    Denies the allegations contained in paragraph 10 of the second amended complaint.

11.    Neither admits nor denies the allegations set forth in paragraph 11 of the second amended complaint as it calls for a legal conclusion.  To the extent an answer is required, Song denies the allegations contained in paragraph 11 of the second amended complaint.

12.    Denies the allegations contained in paragraph 12 of the second amended complaint.

13.    Denies the allegations contained in paragraph 13 of the second amended complaint.

14.    Denies the allegations contained in paragraph 14 of the second amended complaint.

15.    Admits only that Plaintiffs bring this action under the Fair Labor Standards Act of 1938 ("FLSA") and New York Labor Law ("NYLL").  Except as expressly admitted, Song denies the allegations contained in paragraph 15 of the second amended complaint.

16.     Admits only that Plaintiffs seek certification of this action as a collective action. Except as expressly admitted, Song denies the allegations contained in paragraph 16 of the second amended complaint.

## JURISDICTION AND VENUE

17.     Neither admits nor denies the allegations set forth in paragraph 17 of the second amended complaint as it calls for a legal conclusion.  To the extent an answer is required, Song denies the allegations contained in paragraph 17 of the second amended complaint.

18.     Neither admits nor denies the allegations set forth in paragraph 18 of the second amended complaint as it calls for a legal conclusion.  To the extent an answer is required, Song denies the allegations contained in paragraph 18 of the second amended complaint.

## THE PARTIES

19.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 19 of the second amended complaint.

20.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 20 of the second amended complaint.

21.     Denies the allegations contained in paragraph 21 of the second amended complaint.

22.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 22 of the second amended complaint.

23.     Denies the allegations contained in paragraph 23 of the second amended complaint.

24.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 24 of the second amended complaint.

25.     Denies the allegations contained in paragraph 25 of the second amended complaint.

26.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 26 of the second amended complaint.

27.     Denies the allegations contained in paragraph 27 of the second amended complaint.

28.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 28 of the second amended complaint.

29.     Denies the allegations contained in paragraph 29 of the second amended complaint.

30.     Denies the allegations contained in paragraph 30 of the second amended complaint.

31.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 31 of the second amended complaint.

32.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 32 of the second amended complaint.

33.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 33 of the second amended complaint.

34.     Denies the allegations contained in paragraph 34 of the second amended complaint.

35.     Denies the allegations contained in paragraph 35 of the second amended complaint.

## FACTUAL ALLEGATIONS

36.     Denies the allegations contained in paragraph 36 of the second amended complaint.

37.     Denies the allegations contained in paragraph 37 of the second amended complaint.

38.     Denies the allegations contained in paragraph 38 of the second amended complaint.

39.     Denies the allegations contained in paragraph 39 of the second amended complaint.

40.     Denies the allegations contained in paragraph 40 of the second amended complaint.

41.     Denies the allegations contained in paragraph 41 of the second amended complaint.

42.     Denies the allegations contained in paragraph 42 of the second amended complaint.

43.     Denies the allegations contained in paragraph 43 of the second amended complaint.

44.     Denies the allegations contained in paragraph 44 of the second amended complaint.

45.     Denies the allegations contained in paragraph 45 of the second amended complaint.

46.     Denies the allegations contained in paragraph 46 of the second amended complaint.

47.     Denies the allegations contained in paragraph 47 of the second amended complaint.

48.     Admits only that Plaintiffs seek to represent a class of similarly situated individuals. Except as expressly admitted, Song denies the allegations contained in paragraph 48 of the second amended complaint.

49.     Denies the allegations contained in paragraph 49 of the second amended complaint.

43.     Denies the allegations contained in the second paragraph 43 of the second amended complaint.

44.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the second paragraph 44 of the second amended complaint.

45.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the second paragraph 45 of the second amended complaint.

46.     Denies the allegations contained in the second paragraph 46 of the second amended complaint.

47.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the second paragraph 47 of the second amended complaint.

48.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the second paragraph 48 of the second amended complaint.

49.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in the second paragraph 49 of the second amended complaint.

50.     Denies the allegations contained in paragraph 50 of the second amended complaint.

51.     Denies the allegations contained in paragraph 51 of the second amended complaint.

52.     Denies the allegations contained in paragraph 52 of the second amended complaint.

53.     Denies the allegations contained in paragraph 53 of the second amended complaint.

54.     Denies the allegations contained in paragraph 54 of the second amended complaint.

55.     Denies the allegations contained in paragraph 55 of the second amended complaint.

56.     Denies the allegations contained in paragraph 56 of the second amended complaint.

57.     Denies the allegations contained in paragraph 57 of the second amended complaint.

58.     Denies the allegations contained in paragraph 58 of the second amended complaint.

59.     Denies the allegations contained in paragraph 59 of the second amended complaint.

60.     Denies the allegations contained in paragraph 60 of the second amended complaint.

61.     Denies the allegations contained in paragraph 61 of the second amended complaint.

62.     Denies the allegations contained in paragraph 62 of the second amended complaint.

63.     Denies the allegations contained in paragraph 63 of the second amended complaint.

61.     Denies the allegations contained in the second paragraph 61 of the second amended complaint.

62.     Denies the allegations contained in the second paragraph 62 of the second amended complaint.

63.     Denies the allegations contained in the second paragraph 63 of the second amended complaint

64.     Denies the allegations contained in paragraph 64 of the second amended complaint.

65.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 65 of the second amended complaint.

66.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 66 of the second amended complaint.

67.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 67 of the second amended complaint

68.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 68 of the second amended complaint.

69.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 69 of the second amended complaint.

70.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 70 of the second amended complaint.

71.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 71 of the second amended complaint.

72.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 72 of the second amended complaint.

73.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 73 of the second amended complaint.

74.     Denies the allegations contained in paragraph 74 of the second amended complaint.

75.     Denies the allegations contained in paragraph 75 of the second amended complaint.

76.     Denies the allegations contained in paragraph 76 of the second amended complaint.

77.     Denies the allegations contained in paragraph 77 of the second amended complaint.

78.     Denies the allegations contained in paragraph 78 of the second amended complaint.

79.     Denies the allegations contained in paragraph 79 of the second amended complaint.

80.     Denies the allegations contained in paragraph 80 of the second amended complaint.

81.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 81 of the second amended complaint.

82.    Denies the allegations contained in paragraph 82 of the second amended complaint.

83.    Denies the allegations contained in paragraph 83 of the second amended complaint.

84.    Denies the allegations contained in paragraph 84 of the second amended complaint.

85.    Denies the allegations contained in paragraph 85 of the second amended complaint.

86.    Denies the allegations contained in paragraph 86 of the second amended complaint.

87.    Denies the allegations contained in paragraph 87 of the second amended complaint.

88.    Denies the allegations contained in paragraph 88 of the second amended complaint.

89.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 89 of the second amended complaint.

90.    Denies the allegations contained in paragraph 90 of the second amended complaint.

91.    Denies the allegations contained in paragraph 91 of the second amended complaint.

92.    Denies the allegations contained in paragraph 92 of the second amended complaint.

93.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 93 of the second amended complaint.

94.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 94 of the second amended complaint.

95.    Denies the allegations contained in paragraph 95 of the second amended complaint.

96.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 96 of the second amended complaint.

97.    Denies the allegations contained in paragraph 97 of the second amended complaint.

98.    Denies the allegations contained in paragraph 98 of the second amended complaint.

99.    Denies the allegations contained in paragraph 99 of the second amended complaint.

100.    Denies the allegations contained in paragraph 100 of the second amended complaint.

101.    Denies the allegations contained in paragraph 101 of the second amended complaint.

102.    Denies the allegations contained in paragraph 102 of the second amended complaint.

103.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 103 of the second amended complaint.

104.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 104 of the second amended complaint.

105.    Denies the allegations contained in paragraph 105 of the second amended complaint.

106.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 106 of the second amended complaint.

107.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 107 of the second amended complaint.

108.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 108 of the second amended complaint.

109.    Denies the allegations contained in paragraph 109 of the second amended complaint.

110.    Denies the allegations contained in paragraph 110 of the second amended complaint.

111.    Denies the allegations contained in paragraph 111 of the second amended complaint.

112.    Denies the allegations contained in paragraph 112 of the second amended complaint.

113.    Denies the allegations contained in paragraph 113 of the second amended complaint.

114.    Denies the allegations contained in paragraph 114 of the second amended complaint.

115.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 115 of the second amended complaint.

116.    Denies the allegations contained in paragraph 116 of the second amended complaint.

115.    Denies the allegations contained in the second paragraph 115 of the second amended complaint.

116.    Denies the allegations contained in the second paragraph 116 of the second amended complaint.

117.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 117 of the second amended complaint.

118.    Denies the allegations contained in paragraph 118 of the second amended complaint.

119.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 119 of the second amended complaint.

120.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 120 of the second amended complaint.

121.    Denies the allegations contained in paragraph 121 of the second amended complaint.

122.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 122 of the second amended complaint.

123.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 123 of the second amended complaint.

124.    Denies the allegations contained in paragraph 124 of the second amended complaint.

125.    Denies the allegations contained in paragraph 125 of the second amended complaint.

126.    Denies the allegations contained in paragraph 126 of the second amended complaint.

127.    Denies the allegations contained in paragraph 127 of the second amended complaint.

128.    Denies the allegations contained in paragraph 128 of the second amended complaint.

129.    Denies the allegations contained in paragraph 129 of the second amended complaint.

130.    Denies the allegations contained in paragraph 130 of the second amended complaint.

131.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 131 of the second amended complaint.

131.    Denies the allegations contained in the second paragraph 131 of the second amended complaint.

132.    Denies the allegations contained in paragraph 132 of the second amended complaint.

133.    Denies the allegations contained in paragraph 133 of the second amended complaint.

134.    Denies the allegations contained in paragraph 134 of the second amended complaint.

135.    Denies the allegations contained in paragraph 135 of the second amended complaint.

136.    Denies the allegations contained in paragraph 136 of the second amended complaint.

137.    Denies the allegations contained in paragraph 137 of the second amended complaint.

138.    Neither admits nor denies the allegations set forth in paragraph 138 of the second amended complaint as it purports to state a legal conclusion.  To the extent an answer is required, Song denies the allegations contained in paragraph 138 of the second amended complaint.

139.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 139 of the second amended complaint.

140.    Denies the allegations contained in paragraph 140 of the second amended complaint.

141.    Denies the allegations contained in paragraph 141 of the second amended complaint.

142.    Denies the allegations contained in paragraph 142 of the second amended complaint.

143.    Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 143 of the second amended complaint.

144.    Denies the allegations contained in paragraph 144 of the second amended complaint.

145.    Denies the allegations contained in paragraph 145 of the second amended complaint.

146.    Denies the allegations contained in paragraph 146 of the second amended complaint.

147.     Denies the allegations contained in paragraph 147 of the second amended complaint.

148.     Denies the allegations contained in paragraph 148 of the second amended complaint.

149.     Denies the allegations contained in paragraph 149 of the second amended complaint.

150.     Denies the allegations contained in paragraph 150 of the second amended complaint.

151.     Denies the allegations contained in paragraph 151 of the second amended complaint.

## FLSA COLLECTIVE ACTION CLAIMS

152.     Admits only that Plaintiffs bring claims under the FLSA.  Except as expressly admitted, Song denies the allegations contained in paragraph 48 of the second amended complaint

153.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 153 of the second amended complaint.

154.     Denies knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 154 of the second amended complaint.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

155.     Song repeats and realleges each and every responses to paragraphs 1 through 154 of the second amended complaint as if set forth fully herein.

156.     Denies the allegations contained in paragraph 156 of the second amended complaint.

157.     Denies the allegations contained in paragraph 157 of the second amended complaint.

158.     Denies the allegations contained in paragraph 158 of the second amended complaint.

159.     Denies the allegations contained in paragraph 159 of the second amended complaint.

160.     Denies the allegations contained in paragraph 160 of the second amended complaint.

161.     Denies the allegations contained in paragraph 161 of the second amended complaint.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

162.    Song repeats and realleges each and every responses to paragraphs 1 through 161 of the second amended complaint as if set forth fully herein.

163.    Denies the allegations contained in paragraph 163 of the second amended complaint.

164.    Denies the allegations contained in paragraph 164 of the second amended complaint.

165.    Denies the allegations contained in paragraph 165 of the second amended complaint.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

165.    Song repeats and realleges each and every responses to paragraphs 1 through the first 165 of the second amended complaint as if set forth fully herein.

166.    Denies the allegations contained in paragraph 166 of the second amended complaint.

167.    Denies the allegations contained in paragraph 167 of the second amended complaint.

168.    Denies the allegations contained in paragraph 168 of the second amended complaint.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

169.    Song repeats and realleges each and every responses to paragraphs 1 through 168 of the second amended complaint as if set forth fully herein.

170.    Denies the allegations contained in paragraph 170 of the second amended complaint.

171.    Denies the allegations contained in paragraph 171 of the second amended complaint.

172.    Denies the allegations contained in paragraph 172 of the second amended complaint.

173.    Denies the allegations contained in paragraph 173 of the second amended complaint.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK
### COMMISSIONER OF LABOR

174.    Song repeats and realleges each and every responses to paragraphs 1 through 173 of the second amended complaint as if set forth fully herein.

175.    Denies the allegations contained in paragraph 175 of the second amended complaint.

176.    Denies the allegations contained in paragraph 176 of the second amended complaint.

177.    Denies the allegations contained in paragraph 177 of the second amended complaint.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDINGKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

178.    Song repeats and realleges each and every responses to paragraphs 1 through 177 of the second amended complaint as if set forth fully herein.

179.    Denies the allegations contained in paragraph 179 of the second amended complaint.

180.    Denies the allegations contained in paragraph 180 of the second amended complaint.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW**

181.    Song repeats and realleges each and every responses to paragraphs 1 through 180 of the second amended complaint as if set forth fully herein.

182.    Denies the allegations contained in paragraph 182 of the second amended complaint.

183.    Denies the allegations contained in paragraph 183 of the second amended complaint.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF THE TIMELY PAYMENT PROVISION OF THE NYLL**

184.    Song repeats and realleges each and every responses to paragraphs 1 through 183 of the second amended complaint as if set forth fully herein.

185.    Denies the allegations contained in paragraph 185 of the second amended complaint.

186.    Denies the allegations contained in paragraph 186 of the second amended complaint.

187.    Denies the allegations contained in paragraph 187 of the second amended complaint.

188.    Denies the allegations contained in paragraph 188 of the second amended complaint.

**II.    ANSWER TO THE CROSS-COMPLAINT**

3.    Denies the allegations contained in paragraph 3 of the cross-complaint.

4.   Denies the allegations contained in paragraph 4 of the cross-complaint.

## III.   AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT AND CROSS-COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

The second amended complaint and cross-complaint fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Song was defrauded by Defendant, SUN MI CHI, and as such, cannot be considered an employer within the meaning of the Fair Labor Standards Act and New York Labor Law as she did not have the power to hiring or firing, set working schedules, set compensation rates, or otherwise affect the working conditions of Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

As Song did not have access, control, or any authority with respect to Defendant, K & Y PEACE CORP. d/b/a BLACKSMITH CAFÉ, in the event that Song is found to be an employer within the meaning of the Fair Labor Standards Act and New York Labor Law, her conduct cannot be found to be willful and as such, Plaintiffs are not entitled to punitive or liquidated damages.

### FOURTH AFFIRMATIVE DEFENSE

The activities on which Plaintiffs base their claim herein for overtime compensation consisted of traveling to and from the actual place of performance of, and of activities preliminary and postliminary to the principal activities of Plaintiffs' employment.  Thus, such activities were not compensable by either an express provision of any written or non-written contract, or by any custom or practice in effect at the time of such activities; or, if compensable by such contract, custom, or practice, such activities were not engaged in by Plaintiffs during the portion of the day with respect to which they were so made compensable.   Accordingly, under the provisions of § 4

of the Portal-to-Portal Act, 29 U.S.C.A. § 254, Song is relieved of any liability for the overtime compensation claimed by Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

If it is determined that Plaintiffs are entitled to any relief for overtime compensation pursuant to the Fair Labor Standards Act, the New York Labor Law, or any other applicable law, Song contend that Plaintiffs are limited to payment for overtime hours at one and one-half times Plaintiffs' hourly rate.

### SIXTH AFFIRMATIVE DEFENSE

There is no ascertainable damage, harm, and/or loss sustained by the Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

As Song was defrauded by Defendant, SUN MI CHI, in the event that Song is found liability for any of Plaintiffs' claim, Defendant, SUN MI CHI, must indemnify and/or otherwise hold Song harmless for damages arising from this matter.

### RESERVATION AND NON-WAIVER

Defendants reserve and do not waive any additional defenses as may be revealed by information subsequently acquired in discovery or otherwise.

**WHEREFORE,** Defendant, KYUNG HWA SONG, demands judgment against Plaintiffs and Cross-Claimants:

   a.   dismissing the second amended complaint in its entirety and with prejudice;
   b.   dismissing the cross-complaint in its entirety and with prejudice;
   c.   awarding them the costs and disbursements of this action; and
   d.   granting it such other and further relief as the Court deems just and equitable.

16

## IV.      AS AND FOR CROSS-CLAIMS AND THIRD-PARTY COMPLAINT

Cross-Claimant/Third-Party Plaintiff, KYUNG H. SONG (hereinafter, "Song") by her attorneys, Kim, Cho & Lim LLC, hereby alleges as follows:

### PARTIES

1.      Cross-Claimant/Third-Party Plaintiff, KYUNG HWA SONG ("SONG"), is an individual residing in the State of New Jersey.

2.      Crossclaim Defendant, K & Y PEACE CORP. ("K&Y"), is corporation registered in New York, which had its principal place of business at 20 West 37th Street, New York, New York.

3.      Crossclaim Defendant, SUN MI CHI ("SUN"), for all relevant time periods, first resided at 113 Winding Creek, Old Tappan, New Jersey, and then 41 Ross Avenue, Demarest, New Jersey.

4.      Crossclaim Defendant, SUN, is the Chief Executive Officer and President of K&Y.

5.      Third-Party Defendant, KWAN CHI ("KWAN"), for all relevant time periods, first resided at 113 Winding Creek, Old Tappan, New Jersey, and then 41 Ross Avenue, Demarest, New Jersey.  He is also the husband of Defendant, SUN.

6.      Third-Party Defendant, NY ORANGE MARKET INC. ("ORANGE"), is a New York corporation established on April 13, 2016, with its principal place of business at 1A Orangetown Shopping Center, Orangeburg, New York.  Defendant, KWAN, is principal of ORANGE.

### FACTUAL BACKGROUND

7.      On or about November 29, 2011, SONG was fraudulently induced into signing a shareholder's agreement with SUN, and a third party, Tae E. Kim—not party to this action.

8.      SUN made material misrepresentations to SONG, claiming that by executing the shareholders' agreement and making the investment in K&Y, SONG would be entitled a share of the profits as well as have input with respect to the management and direction of K&Y.

9.     Reasonably relying on SUN's misrepresentations, SONG executed the shareholder's agreement and made an investment of approximately $200,000.00.

10.     Yet, even after being fraudulently induced into signing the shareholder's agreement, SONG was never issued stock certificates evincing her share of K&Y.

11.     SONG was also kept in the dark from all affairs concerning K&Y.

12.     By way of example, SONG did not have access to any of the books or records for K&Y.  As such, she was never away of the financial condition of K&Y.

13.     Further, SONG was not allowed to exert any influence whatsoever with respect to the operation of K&Y.  SONG never provided input or had a say on:  1) business strategy; 2) the hiring and firing of K&Y employees; 3) the schedule and working conditions of K&Y employees; and 4) the compensation paid to K&Y employees.

14.     Not only did she not have a say on the compensation paid to K&Y employees, but SONG herself never received any share of profits from the operation of K&Y.

15.     It was SUN who was in charge of the day-to-day management of K&Y including, but not limited to, hiring and firing of employees, setting their schedules and wages, managing stocks and inventory, and controlling business finance.

16.     SUN exerted full and autonomous control over K&Y, even restraining SONG from physically entering the business' premises.  SUN threatened to call the police whenever SONG attempted to enter the business.

17.     In fact, SONG's involvement with K&Y was so non-existent that she first learned of this lawsuit on or about December 20, 2016, the date on which her daughter was served with the second amended complaint.

18.     Given how the events unfolded after SONG was fraudulently induced into signing the shareholder's agreement, it is clear that SONG was never intended to be, and was never treated like, a shareholder of K&Y.   SUN's purpose for fraudulently inducing SONG to execute the shareholder's agreement was to steal SONG's investment and identity.

19.     SONG received no consideration in exchange for her investment pursuant to the shareholder's agreement.  SONG never received any share of profits from the operation of K&Y; rather all SONG incurred was financial liabilities as stated below.

## CREDIT CARDS

20.     Without SONG's permission, knowledge and/or ratification, SUN fraudulently proceeded to open two (2) credit card accounts:  American Express ("Amex"), account ending in 31006; and Chase credit card ("Chase"), account ending in 1982.  Both accounts were created under K&Y's name with SONG as the guarantor.

### Chase Credit Card

21.     ON July 3, 2014, SONG first received notice of the Chase account for which she is purportedly liable.

22.     Following the Nationwide Credit, Inc. correspondence, SONG went to a local Chase branch and obtained a copy of the credit card statements.

23.     The Chase account was opened on January 3, 2012, naming SONG as a responsible party.

24.     Evidently, SUN was using this Chase account for her own personal use.

25.     Listed on this statement are charges for various clothing and jewelry purchases from various establishments, such as Zara USA, BCBG, Lord & Taylor, Tory Burch, Polo, Coach, Brooks Brothers, Burberry, and more.

26.     As a result of SUN's illegal use, as of June 9, 2015, SONG is liable for $38,398.97 as the outstanding balance on the Chase account for purchases made by SUN.

27.     Upon discovery of same, SONG protested and demanded payment from SUN. However, SUN turned a deaf ear to such demand.

**American Express Credit Card**

28.     In June 2013, SONG first received notice of the Amex account when she received replacement cards for the Amex account.

29.     Unbeknownst to SONG, SUN surreptitiously opened this account under SONG's name and address, as evidenced by the Amex card listed under SUN's name but SONG's address.

30.     SONG contacted Amex to request a fraud investigation.

31.     Evidently, SUN had also opened up a bank account under SONG's name as the Amex investigation was closed because payments for the Amex account were allegedly made from a bank account under SONG's name.

32.     Thereafter, SONG attempted to receive a copy of all statements for this Amex account in an effort to look into the fraud, but American Express could not provide said statements as the account had already been closed and in collection.

33.     As of March 24, 2015, as a result of SUN's fraud, SONG is liable for $22,288.12 as the outstanding balance on the Amex account for purchases made by SUN.

34.     SONG has persistently demanded payment from SUN, but SUN has thumbed her nose at SONG's request.

**AUTOMOBILES**

35.     Also without SONG's knowledge and/or consent, SUN purchased a Mercedes Benz motor vehicle, listing K&Y as the buyer, and SONG as co-buyer and guarantor.

36.     Upon information and belief, in the process of obtaining the vehicle, SUN forged SONG's signature and/or fraudulently used SUN's personal information.

37.     SUN utilized this vehicle for her own personal use and made payments on this motor vehicle with K&Y's monies.

38.     Moreover, without SONG's knowledge, consent, SUN leased a Honda motor vehicle and listed SONG's as guarantor.

39.     Upon information and belief, in the process of obtaining the vehicle, SUN forged SONG's signature and/or fraudulently used SONG's personal information.

40.     As of July 6, 2015, by reason of SUN's perpetration of fraud, SONG is currently liable for $53,899.88 as the outstanding balance owed to Mercedes Benz Financial Services.

41.     As of July 17, 2015, SONG is currently liable for $329.75 as the outstanding balance owed on the Honda motor vehicle.

42.     SONG has demanded payment from SUN, to no avail.

### SALARY AND INCOME TAX

43.     SONG was denied access by SUN to K&Y's records and files.

44.     Between June 5, 2014 to September 24, 2014, SONG requested access to K&Y's records and files in writing nine (9) times, to no avail.

45.     To date, SONG remains clueless as to whether the business was operating at a profit or loss.

46.     In 2013, SONG did not receive any income from K&Y or Defendant.

47.     SUN fraudulently submitted SONG's false salary and/or income documentation to the Internal Revenue Service ("IRS").

48.     Based upon SUN's fraudulent misrepresentations, SONG had, at one point, incurred $150,354 in tax liabilities.

49.     SONG has been attempting to settle this matter with the IRS, and as such, the final amount of damages incurred by SONG cannot be stated at this time.

50.     SONG has demanded that SUN either pay this amount or otherwise rectify this situation, to no avail.

## THE FRAUDULENT TRANSFER AND KWAN'S ROLE IN THE CONSPIRACY

51.     On or about July 26, 2016, SONG discovered that SUN was attempting to sell the business.

52.     As a result, SONG sent correspondence to SUN, demanding that she cease and desist from further attempts to sell the business.  Unsurprisingly, no response was ever received.

53.     Despite the SONG's demands, SUN continued her attempts to, and, upon information and belief, did indeed, sell the business to an unknown third-party.  As such, SONG sent correspondence to SUN, demanding details over the improper transaction.  A response has yet to be received.

54.     Subsequently, upon information and belief, SUN had fraudulently transferred the assets from the sale of the business to a newly established corporation, ORANGE, with the intent of concealing assets should SONG succeed in obtaining judgement against SUN in a legal action.

55.     KWAN is the husband of SUN; as such, KWAN was, or should have been, aware of the dispute between SONG and SUN.  As such, KWAN knew, or should have known, that any funds from the illicit sale of the business were gained in an improper and unlawful manner.

56.     Further, upon information and belief, KWAN is an engineer who has never been involved in any of SUN's businesses.  As such, KWAN knew, or should have known, that the establishment of a business under his name was done for an improper and unlawful purpose.

57.     Nevertheless, KWAN allowed ORANGE to be established in his name, thereby evincing his agreement to participate with SUN's illicit scheme.

58.    Further, KWAN took possession of the funds from the sale of the business, thereby acting in concert with SUN to further the fraud perpetrated against SONG.

**COUNT ONE**
**(RECISSION OF CONTRACT:  FRAUD)**

59.    Cross-Claimant/Third-Party Plaintiff hereby alleges and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

60.    SUN misrepresented that SONG would obtain a 24.5% interest in K&Y in exchange for an investment of $200,000.00.

61.    Reasonably relying on SUN's misrepresentation, SONG invested approximately $200,000.00 in K&Y.

62.    Despite making the investment in K&Y, SONG was not given a share of the profits, was not allowed access to any documents concerning K&Y, and was not allowed to participate in the management of K&Y including, but not limited to, hiring or firing employees, determining the schedule and compensation of employees, and making any business decisions concerning K&Y whatsoever.

63.    As a result, Cross-Claimant/Third-Party Plaintiff, KYUNG HWA SONG, has been fraudulently induced into signing the shareholder agreement and has been damaged in the amount of $200,000.00.

**COUNT TWO**
**(RECISSION OF CONTRACT:  LACK OF CONSIDERATION)**

64.    Cross-Claimant/Third-Party Plaintiff hereby alleges and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

65.    SUN misrepresented that SONG would obtain a 24.5% interest in K&Y in exchange for an investment of $200,000.00.

23

66.     Reasonably relying on SUN's misrepresentation, SONG invested approximately $200,000.00 in K&Y.

67.     Despite making the investment in K&Y, SONG did not receive any consideration in exchange as she was not given a share of the profits, was not allowed access to any documents concerning K&Y, and was not allowed to participate in the management of K&Y including, but not limited to, hiring or firing employees, determining the schedule and compensation of employees, and making any business decisions concerning K&Y whatsoever.

68.     As a result, Cross-Claimant/Third-Party Plaintiff, KYUNG HWA SONG, has been damaged in the amount of $200,000.00.

## COUNT THREE
### (FRAUD RE CHASE CREDIT CARD)

69.     Cross-Claimant/Third-Party Plaintiff hereby alleges and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

70.     SUN fraudulently opened the Chase credit card account, naming SONG, as the guarantor.

71.     SUN then proceeded to make purchases on said account until the account was in default.

72.     As a result of SUN's fraudulent and unlawful conduct, Cross-Claimant/Third-Party Plaintiff, KYUNG HWA SONG, has been damaged in the amount of $38,398.97.

## COUNT FOUR
### (FRAUD RE AMERICAN EXPRESS CREDIT CARD)

73.     Cross-Claimant/Third-Party Plaintiff hereby alleges and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

74.     SUN fraudulently opened the American Express credit card account, naming SONG, as the guarantor.

75.    SUN then proceeded to make purchases on said account until the account was in default.

76.    As a result of SUN's fraudulent and unlawful conduct, Cross-Claimant/Third-Party Plaintiff, KYUNG HWA SONG, has been damaged in the amount of $22,288.12.

## COUNT FIVE
## (FRAUD RE MERCEDES BENZ MOTOR VEHICLE)

77.    Cross-Claimant/Third-Party Plaintiff hereby alleges and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

78.    SUN fraudulently purchased a Mercedes Benz motor vehicle, naming SONG as the guarantor.

79.    Upon information and belief, SUN utilized this Mercedes Benz motor vehicle for her personal use until the motor vehicle was repossessed.

80.    As a result of SUN's fraudulent and unlawful action, Cross-Claimant/Third-Party Plaintiff, KYUNG HWA SONG, has been damaged in the amount of $53,899.88.


## COUNT SIX
## (FRAUD RE HONDA MOTOR VEHICLE)

81.    Plaintiffs hereby alleges and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

82.    SUN fraudulently leased a Honda motor vehicle, naming SONG as the guarantor.

83.    Upon information and belief, SUN utilized this Honda motor vehicle for her personal use until the lease was terminated.

84.    As a result of SUN's fraudulent and unlawful action, Cross-Claimant/Third-Party Plaintiff, KYUNG HWA SONG, has been damaged in the amount of $329.75.

## COUNT SEVEN

**(FRAUD RE INCOME)**

85.     Cross-Claimant/Third-Party Plaintiff hereby alleges and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

86.     SUN fraudulently misrepresented to the IRS information regarding SONG's salary and/or income.

87.     As a result of SUN's fraudulent and unlawful action, Cross-Claimant/Third-Party Plaintiff, KYUNG HWA SONG, has been damaged in an amount of yet to be determined.

<u>**COUNT EIGHT**</u>
**(UNJUST ENRICHMENT)**

88.     Cross-Claimant/Third-Party Plaintiff hereby alleges and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

89.     SUN's fraudulent acts allowed her to acquire and/or utilize goods and/or services at the expense of SONG as set forth within this Cross-Complaint/Third-Party Complaint.

90.     As a direct and proximate result of the aforementioned fraudulent conduct, SUN will be unjustly enriched at the expense of Cross-Claimant/Third-Party Plaintiff, KYUNG HWA SONG, unless and until SUN is required to pay Plaintiff the amounts for which Cross-Claimant/Third-Party Plaintiff is now liable.

<u>**COUNT NINE**</u>
**(FRAUDULENT TRANSER)**

91.     Cross-Claimant/Third-Party Plaintiff hereby alleges and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

92.     SUN, by virtue of the underlying complaint filed against her, is a debtor.

93.     SUN sold the business and subsequently transferred the assets from the sale to ORANGE.

94.     ORANGE was incorporated by KWAN with the express purpose of concealing the assets improperly obtained by SUN through the sale of the business.

95.     Subsequently, SUN fraudulently transferred the assets from the improper and illegal sale of the business in hopes of concealing the assets from Cross-Claimant/Third-Party Plaintiff.

96.     As a result, Cross-Claimant/Third-Party Plaintiff, KYUNG HWA SONG, has been damaged in an amount yet to be determined.

**COUNT TEN**
**(CIVIL CONSPIRACY)**

97.     Cross-Claimant/Third-Party Plaintiff hereby alleges and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

98.     As SUN's husband, KWAN was aware, or should have been aware, of this lawsuit.

99.     As such, KWAN knew, or should have known, that the sale of the business was illegal and improper.

100.    Defendants agreed to conspire against Plaintiffs and conceal the assets from the sale of the business.

101.    SUN took an affirmative act to effectuate the conspiracy – illegally selling the business and transferring the ill-gotten assets to ORANGE.

102.    KWAN took an affirmative act to effectuate the conspiracy – incorporating ORANGE and receiving the ill-gotten assets from SUN.

103.    As result of Defendant's and Third-Party Defendant's conspiracy, Cross-Claimant/Third-Party Plaintiff have been damaged in an amount yet to be determined.

**COUNT ELEVEN**
**(INDEMNIFICATION)**

104.    Cross-Claimant/Third-Party Plaintiff hereby alleges and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

105.   Should Plaintiffs prevail on their FLSA and NYLL claims as set forth in their second amended complaint, then said liability will have arisen solely by reason of the unilateral conduct of SUN.

106.   From the time SONG was fraudulently induced into executing the shareholder's agreement, K&Y was under the sole control of SUN, to SONG's complete exclusion.

107.   SONG did not receive a share of K&Y's profits, and could not control or even influence K&Y's employment practices, which included, but is not limited to:  1) the hiring and firing of employees; 2) the employees' work schedule; 3) the employees' working conditions; and 4) the employees' rate and form of compensation.

108.   Rather, SUN had complete and total control of K&Y's employment practices, which included, but is not limited to:  1) the hiring and firing of employees; 2) the employees' work schedule; 3) the employees' working conditions; and 4) the employees' rate and form of compensation.

109.   As such, should Cross-Claimant/Third-Party Plaintiff be held liable for the claims as asserted in the second amended complaint, Crossclaim Defendant must indemnify and hold Cross-Claimant/Third-Party Plaintiff harmless for said liability.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Cross-Claimant/Third-Party Plaintiff demand judgment against Crossclaim Defendant and Third-Party Defendant as follows:

a)   Declaring that the shareholder's agreement entered into by Cross-Claimant, KYUNG HWA SONG, and Crossclaim Defendant, SUN MI CHI, be declared null and void as a matter of law for fraudulent inducement;

b)   Declaring that the shareholder agreement entered into by Cross-Claimant, KYUNG HWA SONG, and Crossclaim Defendant, SUN MI CHI, be declared null and void as a matter of law for lack of consideration;

c)   Awarding Cross-Claimant/Third-Party Plaintiff, KYUNG HWA SONG, damages in the amount to be determined at trial;

d) Adjudging Crossclaim Defendant, SUN MI CHI to indemnify and hold Cross-Claimant/Third-Party, KYUNG HWA SONG, harmless for the claims as alleged in the second amended complaint; and

e) Awarding Cross-Claimant/Third-Party Plaintiff, KYUNG HWA SONG, incidental damages, attorney's fees, costs of suit and such other relief as the Court may deem equitable and just.

## JURY DEMAND

Cross-Claimant/Third-Party Plaintiff, KYUNG HWA SONG, demands a jury trial on all issues so triable.

**Dated: Flushing, New York**
**January 12, 2017**

**KIM, CHO & LIM, LLC**

By:   **/s/ Seoung Y. Lim**
Seoung (Joshua) Y. Lim, Esq.
163-10 Northern Blvd, Suite 202
Flushing, New York 11358
P: (718) 539-7400
F: (917) 463-1590
*Attorneys for Defendant/Cross-Claimant/Third-Party Plaintiff Kyung Hwa Song*