USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/8/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MIRIAM MENDEZ, et al.,

                            Plaintiffs,                         16-CV-05562 (SN)

           -against-                         **OPINION & ORDER**

K&Y PEACE CORP., et al.,

                            Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiffs commenced this action on July 13, 2016, alleging federal and state wage-and-hour claims as former employees of K & Y Peace Corp. (d/b/a Blacksmith Café) against Blacksmith Café and its owners and managers, Kyung H. Song and Sun Mi Chi.

      Plaintiffs now move to amend their complaint to add as a defendant Kwan Chi ("Kwan"), husband of defendant Sun Mi Chi ("Sun Mi"). According to plaintiffs, together with Song and Sun Mi, Kwan exercised substantial control over plaintiffs' employment with regards to setting schedules and issuing payments, and, in doing so, committed wage-and-hour violations. Although plaintiffs move for joinder late in the litigation without satisfactorily addressing good cause for not moving sooner, the Court GRANTS the motion in the interests of judicial efficiency and in fairness to the defendants.

## BACKGROUND

      Before any party had answered, plaintiffs filed their First Amended Complaint on July 20, 2016. Thereafter, the Court issued a Civil Case Management Plan and Scheduling Order, which required any motion to amend or join additional parties to be filed by November 28, 2016.

Plaintiffs filed a Second Amended Complaint on November 15, 2016, without joining additional parties or notifying the Court of any intention to do so. The Second Amended Complaint also did not purport to bring any claims against a John Doe defendant.

On January 10, 2017, defendant Song filed an Answer to the Second Amended Complaint and a Third-Party Complaint against Kwan Chi and New York Orange Market, Inc. In the Answer, Song identified Kwan as Sun Mi's husband, alleging that she had fraudulently sold K&Y Peace Corp. and transferred the assets from the sale to NY Orange Market, Inc., which Kwan owned.

Following the appearance of Michael K. Chong as new counsel for Kwan, Sun Mi, and K&Y Peace Corp., plaintiffs' counsel claims (in its reply brief) that it contacted Mr. Chong in February 2017 and twice again in March 2017, informing him of outstanding discovery and of their intent to amend the complaint. According to plaintiffs, sometime in March, Mr. Chong notified plaintiffs that Sun Mi and Kwan would oppose any amendment of the complaint.

On April 6, 2017, plaintiffs moved to amend their complaint to add Kwan as a defendant and to "correct a number of allegations by Plaintiffs to conform the evidence developed through discovery." Decl. of Marisol Santos ¶¶ 10-11 (ECF No. 60). Remarkably, plaintiffs' counsel asserts that his clients had been advising counsel "from the start of this litigation" that Sun Mi's then-unidentified husband acted as their manager and employer. Counsel provides no explanation for why any of the amended complaints did not identify a John Doe defendant as a place holder, or why they waited nearly three months upon learning Kwan's identify to move to amend the Second Amended Complaint.

**DISCUSSION**

Federal Rule of Civil Procedure 15(a) authorizes the amendment of a complaint "by leave of the court or by written consent of the other party" and provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). When an amendment seeks joinder, a party must satisfy Rule 21, which authorizes the Court "on just terms" to "add or drop a party." Fed. R. Civ. P. 21. The "showing necessary under Rule 21 is the same as that required under Rule 15(a)." Johnson v. Bryson, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012).

But when the Court has set a deadline for amendment under Rule 16(b) and a plaintiff seeks to amend the complaint beyond that deadline, the motion will be granted only "for good cause." Parker v. Columbia Pictures Indus., 204 F.3d 326, 339–40 (2d Cir. 2000). "A finding of good cause depends on the diligence of the moving party." Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003). Therefore, a court "typically will deny a request that comes so late in the litigation that it will delay the case or prejudice any of the parties to the action." City of Syracuse v. Onondaga Cnty., 464 F.3d 297, 308 (2d Cir. 2006) (citing 7 Wright, Miller, & Kane, 1688.1 at 510). But, in addition to the moving party's diligence, a court, "in the exercise of its discretion under Rule 16(b), may also consider other relevant factors including, in particular, whether allowing amendment of the pleading at this stage of the litigation will prejudice defendants." Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 244 (2d Cir. 2007).

The deadline to amend pleadings in this case was November 27, 2016. The plaintiffs' motion to add Kwan was filed on April 6, 2017. Plaintiffs do not fully address in their submissions why they only now seek to amend their complaint (for a fourth time) even though Kwan's identity was revealed three months ago. Plaintiffs maintain that they acted "diligently" in bringing this motion, namely, that they could not have discovered Kwan's identity at the time

3

they served interrogatories on Sun Mi and K&Y Peace Corp. on November 30, 2016. But there is a procedure utilized when a party has a claim against an unidentified defendant, and none of plaintiffs' three previous named a John Doe defendant as a temporary placeholder for Kwan, despite the plaintiffs telling their counsel "from the start of this litigation" that a claim was proper against Sun Mi's husband. Relatedly, plaintiffs did not raise any objections when to the Court's deadline to amend pleadings or make any application to extend that deadline. Plaintiffs failed to act diligently.

Nonetheless, the Court must consider whether the parties would be prejudiced if the Court were to deny plaintiffs' request. The applicable statutes of limitations for wage-and-hour claims are six years under the New York Labor Law and two years under the Fair Labor Standards Act (three years, if the plaintiffs can prove that the defendants acted willfully). See N.Y. Lab. Law § 663(3); 29 U.S.C. § 255(a). Plaintiffs commenced this action on July 13, 2016.[1] In their motion to amend, plaintiffs assert that if the Court denies their joinder motion, they intend to file a duplicate lawsuit against Kwan. A second, identical lawsuit and piecemeal litigation would waste both judicial resources and the defendants' time and litigation budgets. Because plaintiffs may still sue Kwan in a different proceeding, he will not be prejudiced by the Court's granting of the motion to amend. In fact, joining this suit would give Kwan access to discovery and a running start on his defense.

---

[1] Plaintiffs Miriam Mendez was employed by defendants from approximately July 2015 until on or about April 28, 2016; Carolina Lizbeth Gavilanes Cortaza was employed from approximately August 24, 2015 until on or about April 24, 2016; Marco Cruz was employed from approximately August 2012 until on or about July 10, 2015; Noe Alfredo Francisco Avila was employed from approximately September 2014 until on or about July 6, 2016; Jorge Lopez Galindo was employed from approximately October 2013 until on or about March 2016 and from approximately May 2016 until on or about October 3, 2016. See ECF No. 60-1 ¶¶ 21, 23, 25, 27, 29.

4

## CONCLUSION

Accordingly, plaintiffs may amend their complaint to add Kwan as a defendant by May 12, 2017. Other than allegations specific to any claim against him, plaintiffs may not correct allegations to conform the evidence developed through discovery. Defendants shall respond to this Third Amended Complaint within the time provided for under the Federal Rules. With his answer, Kwan shall indicate whether he will consent to my jurisdiction under 28 U.S.C. § 636(c) and must file the necessary consent form.

In light of plaintiffs' counsel's sworn statement that it knew from the start of this litigation that the plaintiffs may have valid claims against Sun Mi's husband and yet failed to sue such defendant in his John Doe capacity, plaintiffs' counsel are precluded from seeking any fees for the work expended by making this motion.

The parties have requested an extension of time until August 3, 2017, to complete discovery. That request is GRANTED.

The parties shall appear for a status conference on Monday, August 7, 2017, at 10:00 a.m. in Courtroom 219, Thurgood Marshall Courthouse, 40 Foley Square, New York, NY.

Plaintiffs' request to file an amended complaint is GRANTED. The parties' joint request to extend discovery is GRANTED. The Clerk is directed to terminate the motions docketed at ECF Nos. 59 & 70. Counsel for the plaintiffs is directed to serve this Order upon Kwan.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:  May 1, 2017
        New York, New York