**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

MIRIAM MENDEZ, et al.,

                                        Plaintiffs,                    **16-CV-05562 (SN)**

                   -against-                                           **OPINION & ORDER**

K&Y PEACE CORP., et al.,

                                        Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      When Plaintiffs began this litigation, they claimed that Defendants K&Y Peace Corp.,

Sun Mi Chi, Kwan Chi, and Kyung H. Song employed them and violated provisions of the New

York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA") during that employment.

See Third Am. Compl. (ECF No. 74). After Plaintiffs filed this action, Defendant Song filed an

answer and cross-claim, alleging that she was never an owner of K&Y Peace Corp. because

Defendant Sun Mi Chi defrauded her into investing in the company. See Third. Am. Answer

(ECF No. 75). Plaintiffs later dismissed their claims against Defendant Song. See Stip. Dismiss.

(ECF No. 113).

      Discovery has closed. Before the case may proceed to trial, the Court must decide two

motions.[1] First, Defendants Sun Mi Chi and Kwan Chi (the "Chi Defendants") have moved to

dismiss Defendant Song's claims, arguing that the Court does not have supplemental jurisdiction

over her cross-claims.[2] Second, Plaintiffs have moved under Fed. R. Civ. P. 21 to sever their

---

[1] The parties consented to the Court's jurisdiction in October 2016. See ECF No. 24.

[2] Defendant K&Y Peace Corp. currently has no representation and may not proceed *pro se*. See ECF No. 102.

claims from Defendant Song's cross-claims or, in the alternative, to bifurcate the trial under Fed. R. Civ. P. 42. See ECF No. 184. The motion to dismiss the claims due to a lack of supplemental jurisdiction is DENIED. Plaintiffs' motion to sever Defendant Song's cross-claims is GRANTED.

## DISCUSSION

### I.    Motion to Dismiss

The Chi Defendants make two arguments in favor of dismissing Defendant Song's cross-claims. First, they argue that the Court never had supplemental jurisdiction over the claims. In the alternative, they urge the Court to exercise its discretion to decline supplemental jurisdiction over the state law claims. See ECF No. 192. Neither argument is persuasive. The Court has supplemental jurisdiction over the cross-claims because they shared a nucleus of fact with the wage and hour claims at the time of filing. Even though the federal claims against Defendant Song have now been dismissed, the traditional values of judicial economy, convenience, fairness, and comity weigh in favor of retaining supplemental jurisdiction.

The Court would not have subject-matter jurisdiction to hear Defendant Song's cross-claims if they had been raised in an independent complaint. They arise under state law, and they are brought against defendants who reside in her home state. There is, therefore, no federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332. But the Court does have jurisdiction over Plaintiffs' claims arising under the FLSA, and federal courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). State law claims form part of the same case or controversy as federal claims when they "derive from a common nucleus of operative fact."

Shahriar v. Smith & Wollensky Restaurant Group, Inc., 659 F.3d 234, 245 (2d Cir. 2011)

(quoting Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004)).

 The Chi Defendants argue that the cross-claims do not arise from the same nucleus as the

wage and hour claims because none of the evidentiary issues overlaps. Now that Plaintiffs have

dismissed their claims against Defendant Song, that is true. But subject matter jurisdiction is

determined at the time of filing. See In Touch Concepts v. Cellco P'ship, 949 F. Supp. 2d 447,

462 (S.D.N.Y. 2013) ("[F]ederal courts adhere to the precept that subject matter jurisdiction is

determined based on the circumstances at the time of filing.") (citation omitted); see also Grupo

Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004) ("This time-of-filing rule is

hornbook law (quite literally).") (citation omitted). Under that hornbook law, the Court has

supplemental jurisdiction because the evidentiary issues did overlap at the time of filing.

Plaintiffs alleged that Defendant Song was liable for their FLSA claims because she was an

owner with control over K&Y Peace Corp. Defendant Song's defense was that she was not in

fact an owner or operator due to the Chi Defendants' fraud. That overlap of evidence gave the

court supplemental jurisdiction. See BLT Rest. Grp. LLC v. Tourondel, 855 F. Supp. 2d 4, 11

(S.D.N.Y. 2012) (finding court had supplemental jurisdiction because "all of the claims arise

from, and will invite substantial proof concerning, two broad areas of historical fact").

 In the alternative, the Chi Defendants also argue that the Court should exercise its

discretion to dismiss the supplemental claims. The Court may do so under four circumstances:

> The district courts may decline to exercise supplemental jurisdiction
> over a claim under subsection (a) if—
>
> (1)  the claim raises a novel or complex issue of State law,
>
> (2)  the claim substantially predominates over the claim or claims
> over which the district court has original jurisdiction,

(3)   the district court has dismissed all claims over which it has
original jurisdiction, or

(4)  in exceptional circumstances, there are other compelling reasons
for declining jurisdiction.

28 U.S.C. § 1367(c). In determining whether to decline jurisdiction under one of these

exceptions, a district court should "balance the traditional 'values of judicial economy,

convenience, fairness, and comity.'" Yong Kui Chen v. WAI ? Cafe Inc., et al., No. 10-CV-7254

(JCF), 2017 WL 3311228, at *3 (S.D.N.Y. Aug. 2, 2017) (quoting Kolari v. New York

Presbyterian Hospital, 455 F.3d 118, 122 (2d Cir. 2006)) (alterations omitted).

Because the FLSA claims against Defendant Song have been dismissed, the Court has

discretion to deny supplemental jurisdiction here. See 28 U.S.C. § 1367(c)(2). Nevertheless, the

factors of judicial economy, convenience, fairness, and comity all weigh in favor of retaining

jurisdiction. After years of case management, the Court has developed a familiarity with

Defendant Song's cross-claims. Moving her claims to state court would waste this and the state-

court's resources. It would also be inconvenient for the parties to interrupt Defendant Song's

trial-ready cross-claims by moving them to a separate court to proceed on a separate timeline.

There is no comity concern here, given that there is no substantial question of state law

presented, and the Chi Defendants have identified no reasons to believe that it would be unfair

for them to defend themselves in this action. The Court will, therefore, use its discretion to

maintain supplemental jurisdiction over Defendant Song's cross-claims.

## II.    Motion to Sever or Bifurcate

Plaintiffs move to sever Defendant Song's claims under Rule 21 or, in the alternative, to

bifurcate the trial under Rule 42. For the sake of judicial economy and fairness, the Court will

sever the trials.

The forms of relief that Plaintiffs ask for are related but distinct. Rule 21 governs "misjoinder and nonjoinder of parties" and provides, in part, that any "claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Rule 42 states, in part, that the "Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim." Fed. R. Civ. P. 42(b). The distinction between these two rules is that bifurcated trials usually will result in one judgment, but severed claims become entirely independent actions with separate trials *and* judgments. See 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2387; Moore's Federal Practice - Civil § 21.06.

Despite that distinction, the relevant factors for deciding a motion to bifurcate are the same for a motion to sever. See, e.g., Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d Cir. 1999); New York v. Hendrickson Bros., Inc., 840 F.2d 1065 (2d Cir. 1988); Jeanty v. County of Orange, 379 F. Supp. 2d 533, 549 (S.D.N.Y. 2005). Those factors are: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided; and (5) whether different witnesses and documentary proof are required for the separate claims. See Morris v. Northrop Grumman Corp., 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999).

Severance is the appropriate path here. Plaintiffs and Defendant Song's claims no longer arise out of the same events, and the factual issues no longer overlap. There is also a significant risk that Defendant Song's cross-claims would unduly prejudice a jury's deliberation of the wage and hour claims, and vice versa. Thus, by severing the claims, the Court will simultaneously

promote judicial economy, avoid juror confusion, and prevent undue prejudice to the Chi Defendants.

## CONCLUSION

Plaintiffs' motion to sever the trials is GRANTED. Sun Mi Chi and Kwan Chi's motion to dismiss Defendant Song's cross-claims is DENIED. The Plaintiffs and the Chi Defendants are ORDERED to meet and confer and to file a joint status letter no later than Wednesday, May 29, 2019. That letter must indicate whether the parties are available to conduct a jury trial on these wage and hour claims the week of July 15, 2019. If not, the parties should indicate all dates of availability in August-October, 2019, and an estimated length of time for the trial. In addition, Third-Party Plaintiff Song and the Chi Defendants are ORDERED to meet and confer and to file a joint status letter no later than Wednesday, May 29, 2019. That letter must indicate all dates of availability in August-October, 2019, and an estimated length of time for the trial. The letter should also indicate whether the parties request a jury trial or a bench trial. If the parties cannot submit a joint letter for whatever reason, the Court will accept individual letters.

**SO ORDERED**.

SARAH NETBURN
United States Magistrate Judge

DATED:        May 22, 2019
              New York, New York

6