UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MIRIAM MENDEZ, et al.,

                        Plaintiffs,                   16-CV-05562 (SN)

              -against-                             **ORDER**

K&Y PEACE CORP., et al.,

                        Defendants.

------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      In October 2019, days before a jury trial was scheduled to begin in this now four-year-old FLSA case, the parties informed the Court they had settled. See ECF No. 224. Since then, the Court has granted multiple extensions of time for the parties to submit a proposed settlement for the Court's review under Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015). See ECF Nos. 227, 233. As discussed at the conference held December 5, 2019, the need for additional time to file a proposed settlement was primarily due to the fact not all plaintiffs had executed the agreement. On December 11, 2019, the parties submitted a proposed settlement (the "Agreement"), to which one plaintiff, Noe Alfredo Francisco Avila ("Mr. Francisco"), is not a signatory. See ECF No. 236. The Court had previously informed the parties by its December 5, 2019 Order that it would consider whether to dismiss any non-signatory plaintiffs for failure to prosecute and gave the parties an opportunity to present their positions on the issue. ECF No. 235.

      Having reviewed the Agreement, the Court does not accept it as fair and reasonable. Mr. Francisco has not signed the Agreement. The Court instructed plaintiffs as to how to proceed in

case one or more plaintiffs were non-signatories by December 11, 2019. The Agreement, however, does not account for Mr. Francisco's failure to execute it timely. For example, the Agreement: (1) includes Mr. Francisco's recovery as part of the total amount under the Agreement;[1] (2) directs defendants to make payments to Mr. Francisco and contains references to Mr. Francisco throughout the Agreement; and (3) includes Mr. Francisco's award under the Agreement as part of the plaintiffs' total award upon which plaintiff's counsel calculates and justifies its fees. For these reasons, the Court cannot approve this settlement.

## CONCLUSION

The parties are directed to submit, by no later than January 3, 2020, either: (1) the current Agreement, executed by Mr. Francisco; or (2) an amended agreement, executed by all other parties, accounting for Mr. Francisco's failure to execute the proposed settlement by: (i) modifying the total award amount; (ii) removing all references to Mr. Francisco from the settlement; and (iii) modifying the award of attorneys' fees such that they do not amount to more than one-third of the total settlement amount. No extensions to this deadline will be granted. The Court may consider imposing sanctions for failure to comply with this deadline absent a showing of good cause.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: December 18, 2019
           New York, New York

cc:      Kwan Chi (*by Chambers*)
        11 Jean Ct.
        Old Tappan, NJ 07675

---

[1] Although Plaintiffs state in their letter attached to the Agreement that they have included a chart summarizing the payment to each individual under the terms of the proposed settlement, the chart is missing.

Sun Mi Chi (*by Chambers*)
11 Jean Ct.
Old Tappan, NJ 07675

Susanne Toes Keane, Esq., limited-scope counsel for Sun Mi Chi – *by email*